UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN WALTON, Inmate # R15653, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-1445-JBM |
| | ) | |
| ROBERT WALL, | ) | Honorable Joe B. McDade |
| | ) | |
| Defendant. | ) | |

## **MERIT REVIEW ORDER & OPINION**

Plaintiff Steven Walton, an Illinois state prison inmate, has filed a *pro se* Complaint (Doc. 1) pursuant to 28 U.S.C. § 1983 against Lieutenant Robert Wall of the Bloomington Police Department alleging that Defendant Wall used excessive force against him during a March 10, 2016 questioning in violation of his Fourth Amendment rights. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A, which requires the Court to review each and every complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity as soon as practicable. Plaintiff seeks money damages against Defendant.

**LEGAL STANDARDS**

In reviewing a complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

1

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). As in any other case, a plaintiff can plead himself out of court by providing enough facts to demonstrate that he has no claim for which relief nay be granted. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). This includes not only the facts alleged within the complaint, but also facts that come from documents that were incorporated into the pleadings. *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992). Although the court must take all well-pled allegations as true, when an exhibit incontrovertibly contradicts the allegations in the complaint, then the exhibit generally controls, even when the court is considering a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Additionally, the court may independently examine and form its own opinions about a document because it is not bound by a party's characterization of it. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

**BACKGROUND**

Plaintiff alleges that on March 10, 2016, he was arrested and questioned in an interview room of the Bloomington Police Department. He alleges that the Defendant covered a camera in the room with paper and ordered him to undress. Plaintiff objected to being strip searched and inquired for what crime was he being charged. As he got undressed another officer entered the room and the officers began making racially offensive remarks about Plaintiff and accusing him of being a drug dealer. Plaintiff was admonished to hurry up and get undressed or he would be harmed. One

2

of the officers grabbed Plaintiff's butt cheeks and pulled them apart then inserted fingers into his anus. The officer then announced that he had found drugs. Plaintiff maintains that there were no drugs present. Plaintiff began hollering that this maltreatment was not right and shouting that the drugs were not his.[1] The officers then ordered Plaintiff to dress. They then removed the paper from the camera and began questioning him. He was then escorted to the McLean County Detention Center, where he wrote grievances.

Plaintiff has attached to his Complaint police reports in the underlying criminal case that was brought against Plaintiff as a result of being charged with delivery of a controlled substance. In the reports that Plaintiff attached to the Complaint, it is clear that Bloomington police officers suspected him of being a drug dealer and they orchestrated a controlled buy with the use of confidential source with Plaintiff as the targeted suspect. They observed Plaintiff arrive at a predetermined location and sell drugs to the confidential source. The officers watched the entire transaction. Plaintiff was then followed, stopped, and placed under arrest. He was taken to the Bloomington Police Station and while in custody he was observed placing his hands inside his pants and underwear. This aroused the suspicion of the observing officer and Plaintiff was consequently strip searched. Plaintiff has even provided the internal document Defendant signed that authorized the strip search. The reports show however, that Defendant did not actually conduct the search; he

---

[1] Obviously, Plaintiff is contradicting himself by stating no drugs were present yet immediately stating that the drugs recovered were not his because this latter statement would make no sense if no drugs were actually present.

merely authorized it. The actual search was performed by an officer named Kevin Raisbeck.

The Court has reviewed the McLean County Criminal Records Access System and has verified that on October 5, 2016 Plaintiff pled guilty to the offense of manufacturing or delivering, or possessing with intent to manufacture or deliver, cocaine. That conviction resulted from the arrest on March 10, 2016 that precipitated the strip search complained of here.

## DISCUSSION

This lawsuit has no merit. The primary reason is that documents the Plaintiff has provided with the Complaint establish that Defendant Wall did not even perform the strip search in question, nor did he direct Officer Raisbeck to perform the search. He merely signed off on Officer Raisbeck's request to perform the strip search and was present while Officer Raisbeck performed the search. A district court can consider police reports a plaintiff attaches to a complaint as well as public records that are outside the pleadings. *El-Bey v. Village of South Holland*, 513 F. App'x 603, 605 (7th Cir. 2013). On these facts—supplied by the Plaintiff himself—Defendant Wall cannot be deemed liable for the strip search. Although this finding disposes of the case, the Court will nevertheless discuss the constitutional merits of the claims, lest Plaintiff file an action against Officer Raisbeck or move the Court to substitute parties in this action.

The Fourth Amendment protects individuals against unreasonable searches. *See* U.S. CONST. amend. IV. " Included within the Amendment's protection is the

right to be free from unreasonable searches of one's unclothed body." *Stanley v. Henson*, 337 F.3d 961, 963 (7th Cir. 2003). "[I]f an arrestee is taken to the police station, that is no more than a continuation of the custody inherent in the arrest status. *Illinois v. Lafayette*, 462 U.S. 640, 645 (1983). It is well settled law that police "officers may conduct a strip search of an arrestee entering a jail when they have reasonable suspicion at the time of the search that he is concealing contraband on his body." *Kraushaar v. Flanigan,* 45 F.3d 1040, 1045 (7th Cir.1995). There is no violation of the Fourth Amendment when officers can point to a "particularized suspicion that the arrestee is harboring contraband on his body before conducting a strip search." *Id*.

In *United States v. Logan*, the Seventh Circuit held that a strip search incident to an arrest was reasonable. 219 F.App'x 533 (2007). There, the court focused on the following factors in support of its conclusion: First, Logan was arrested for drug possession. *Id*. at 535. Second, the police knew before the strip search that Logan was a suspected drug dealer who recently had sold drugs to undercover officers. *Id*. In another relevant case, *Kraushaar*, the Seventh Circuit held that a DUI arrestee's suspicious hand movements near his waistband justified a strip search. 45 F.3d at 1045.

The circumstances presented in this case are very similar to the facts presented in *Logan* and *Kraushaar*. Officers knew Plaintiff to be a drug dealer. They set up a controlled buy to catch him in the act of selling drugs. They observed him complete the illicit drug transaction. They stopped him afterwards and took him into

5

custody. While in the station, an officer saw him place his hands inside his underwear. Officer Raisbeck then sought prior authorization for the strip search.

The Court finds that on these facts, Officer Raisbeck had sufficient reasonable suspicion to conduct a strip search and thus there was no Fourth Amendment violation.

Plaintiff claims the officer's fingers were briefly inserted into his anus. The insertion of fingers into the anus changes the nature of the search from a strip search to a body cavity search. However, it was still reasonable under the circumstances. Having found drugs in the Plaintiff's underwear, a brief cavity search to verify whether more drugs were present was not unreasonable. And the Court must take the fact that the drugs were present as true because Plaintiff was convicted of the offense of manufacture or delivery, or possession with intent to manufacture or deliver, a controlled substance, a counterfeit substance, or controlled substance analog. *See* 735 Ill. Comp. Stat. § 570/401. Thus, the recovered drugs played a crucial role in his conviction.

Furthermore, Plaintiff's assertion that no drugs were present and insinuation that drugs were planted on him violates the rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit. To this end, *Heck* bars a plaintiff from maintaining a § 1983 action in situations where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence...'" *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). The *Heck* bar applies unless

6

"the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Plaintiff's conviction for dealing drugs has not been invalidated as he is currently serving out an eight year sentence for it. Thus the Court cannot disturb the conviction nor may the Court rule in a way that disturbs or contradicts any factual resolutions upon which the conviction rests.

In short, the Court concludes that Plaintiff's Complaint is without merit and the legal deficiencies cannot be cured by amendment or supplementation of the factual allegations.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as the facts are not sufficient to allege Fourth Amendment violations. This case is therefore terminated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion

for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

SO ORDERED.


Entered this 18th day of May, 2017.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge